**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

**Justin Ward** and **Nikiya Ward,**

Plaintiffs,

CIVIL ACTION NO.
4:26-cv-00173-RSB-CLR

v.

**J.C. Lewis Motor Company; Walter Lewis; Stephen Staton; Marjorie Solomon;** and **Mike Offer,**

Defendants.

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE AN OUT OF TIME RESPONSE TO DEFENDANT'S MOTION TO COMPEL**

COMES NOW Plaintiffs Justin and Nikiya Ward and respectfully move this Court for leave to file their Response to Defendant's Motion to Compel out of time, pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure and Local Rule 7.5. Pursuant to Local Rule 7.1, counsel for Plaintiff conferred with counsel for Defendant on August 18, 2026. Defendants oppose the relief requested in this Motion.

In support of this Motion, Plaintiff states as follows:

1. On Monday, August 3, 2026, Defendant filed its Motion to Compel (Doc. 12).
2. Pursuant to Local Rule 7.5 and FRCP 6(a)(1)(A), Plaintiff's response was due fourteen (14) days after service, excluding the date of filing, making the response technically due on Monday, August 17, 2026.
3. Undersigned counsel fully understands that Local Rule 7.5 imposes a 14-day response period. However, due to an isolated administrative docketing error during file processing,

the response deadline was inadvertently logged on counsel's master calendar as August 18, 2026, rather than August 17, 2026.

4. Undersigned counsel fully prepared and intended to file Plaintiff's Response on August 18, 2026. Upon discovering the isolated calendaring error during a call with Defendants' attorneys, Plaintiffs' counsel sought defense counsel's position on the matter, drafted the current Motion for Leave, attached the Response and exhibits hereto as Exhibit A, and filed all items same day.

5. Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the Court may extend a deadline after it has expired upon a showing of "excusable neglect."

6. In determining whether excusable neglect exists, courts evaluate: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Advanced Estimating Sys., Inc. v. ROR Ltd.*, 130 F.3d 996, 997 (11th Cir. 1997).

7. All *Pioneer* factors weigh decisively in favor of granting relief:

   - **No Prejudice to Defendant:** A less-than-24-hour delay causes minimal-to-zero substantive or procedural prejudice to Defendant. Defendant received Plaintiffs' completed response on the precise day Plaintiffs planned to deliver it.
   - **Zero Impact on Proceedings:** Plaintiffs are not seeking an open-ended extension or additional time to draft a brief. Because the substantive Response is attached to this Motion, granting leave will not alter the Court's scheduling order or delay judicial proceedings.
   - **Good Faith & Reason for Delay:** The brief delay was caused solely by an isolated clerical entry error on the office calendar during routine docketing.

Counsel fully understood the applicable 14-day rule and moved immediately to cure the administrative oversight upon realization.

8. Plaintiff's proposed Response to Defendant's Motion to Compel is fully drafted and attached hereto as Exhibit A.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and order that Plaintiff's Response to Defendant's Motion to Compel, attached hereto as Exhibit A, be deemed timely filed nunc pro tunc.

This 18th day of August, 2026.

*/s/ Brandy Scott Mai*
Brandy Scott Mai
Ga. Bar No. 746703
101 Blue Moon Crossing, Suite 3-249
Pooler, Georgia 31322
Telephone: (910) 580-0380
Email: brandy@brandymai.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

**Justin Ward and Nikiya Ward,**

Plaintiffs,

CIVIL ACTION NO.
4:26-cv-00173-RSB-CLR

v.

**J.C. Lewis Motor Company; Walter Lewis; Stephen Staton; Marjorie Solomon; and Mike Offer,**

Defendants.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day caused to be filed the foregoing upon all parties to this matter by using the electronic filing system which will send a notice of electronic filing to Defendants' counsel of record, as listed below.

- Plaintiffs' Opposed Motion For Leave To File An Out Of Time Response
- Proposed Order
- Exhibit A: Plaintiffs' Opposition To Defendants' Motion To Compel Arbitration
  - Exhibit A-1: Affidavit Of Justin Ward
  - Exhibit A-2: Ward's W-2
  - Exhibit A-3: Onboarding Correspondence
  - Exhibit A-4: Onboarding Document Signature Timestamps

Wade Herring
HunterMaclean
Post Office Box 9848
Savannah, Georgia 31412
Telephone: 912.236.0261 | Facsimile: 912.236.4936
Email: wherring@huntermaclean.com

This 18th day of August, 2026.

*/s/ Brandy Scott Mai*