IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JUSTIN WARD and NIKIYA WARD,

Plaintiffs,

v.

J.C. LEWIS MOTOR COMPANY;
WALTER LEWIS; STEPHEN STATON;
MARJORIE SOLOMON; and MIKE OFFER,

Defendants.

CIVIL ACTION NO.:
4:26-cv-00173-RSB-CLR

**PLAINTIFFS' NOTICE PURSUANT TO LOCAL RULE 7.6 AND OBJECTION TO NEW ARGUMENTS AND EVIDENCE RAISED IN DEFENDANTS' REPLY AND SUPPLEMENTAL BRIEFS (DOCS. 22 & 28)**

Plaintiffs Justin Ward and Nikiya Ward object to the legal theories, declarations, and exhibits presented for the first time in Defendants' Reply Brief (Doc. 22) and Supplemental Brief (Doc. 28), and identify them here pursuant to Local Rule 7.6. The relief Plaintiffs request as to each of those matters, in ruling on Defendants' Motion to Dismiss, or in the Alternative, Motion to Stay and Compel Arbitration (Doc. 12), appears in Part IV.

This filing is made pursuant to Local Rule 7.6 and requires no leave of court. Defendants say so themselves: "Parties may file as many reply briefs as they want, without leave of court." Doc. 28 at 2 (citing *Podger v. Gulfstream Aerospace Corp.*, 212 F.R.D. 609 (S.D. Ga. 2003)). *Pattee*, on which Defendants rely, places the burden on opposing counsel "to identify those new arguments and notify the Clerk pursuant to Local Rule 7.6." 477 F. Supp. 2d at 1274. Plaintiffs identify those new arguments and exhibits in Appendix A to show that Defendants used their reply briefs to belatedly build their opening case rather than rebutting Plaintiffs' opposition.

Eleven (11) distinct legal theories and evidentiary items appear for the first time in Docs. 22 and 28 (five in Doc. 22 and six in Doc. 28).[1]

## I. Reply briefs are restricted to rebuttal and cannot be used to remedy an opening burden

Moving parties bear the initial burden of proof on motions to compel arbitration. See *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1330 (11th Cir. 2016). Consequently, even though they have a liberal reply practice, the Eleventh Circuit and courts within this District do have guardrails to limit such practice to its proper function: rebutting arguments raised in an opposition, rather than tardily developing an opening motion.

1. **The General Rule Against New Arguments (*Herring & Davis*)** It is well established in the Eleventh Circuit that "arguments raised for the first time in a reply brief are not properly before a reviewing court." *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005). Applying *Herring* specifically to a motion to compel arbitration, federal courts in Georgia confirm that "a reply brief is not the appropriate time to present new arguments." *Davis v. GGNSC Admin. Servs. LLC*, 290 F. Supp. 3d 1332, 1337 (M.D. Ga. 2017).
2. **The Rebuttal Limit on Reply Filings (*Royal*)** This Court has made clear that "liberally allowing filing of reply briefs does not abrogate the purpose of reply briefs, i.e., rebutting arguments made in responses and replies." *Royal v. N.Y. Life Ins. Co.*, No. 6:10-cv-104, ECF No. 64, at 2 (S.D. Ga. Jan. 26, 2015). Where a party's reply filing supplies no genuine rebuttal and instead attempts "to more fully support" the party's own initial position, the filing is improper and the court will decline to consider it. *Id.*
3. **The Strict Bar Against New Reply Evidence (*Hegre*)** Where a moving party attempts to bolster an undeveloped motion by submitting evidence for the first time on reply, this Court has drawn a precise line. It "might be improper to raise completely new issues or

[1] Each is marked with a diamond and assigned a number, and the relief Plaintiffs request as to each appears in the final column of that appendix.

facts in a reply," and a declaration filed with a reply is proper only where it "is not 'new' evidence, but simply supplements an argument Defendants have maintained throughout this litigation." *Hegre v. Alberto-Culver USA, Inc.*, 508 F. Supp. 2d 1320, 1327 (S.D. Ga. 2007). This Court later described that holding as a rule under which "submission of completely new evidence in reply briefs generally is improper." *Royal*, ECF No. 64, at 2 (citing *Hegre*, 508 F. Supp. 2d at 1327).

4. **Defendants' Mischaracterization of *Pattee*** Defendants open their Supplemental Brief by citing *Pattee v. Georgia Ports Authority*, 477 F. Supp. 2d 1272 (S.D. Ga. 2007), for the broad proposition that this District "allows as many briefs as a party would like to file." Doc. 28 at 2. Defendants misapprehend *Pattee*. While the *Pattee* court allowed a new argument under unique circumstances, it did so only after deferring its ruling to ensure the opposing party had a full opportunity to answer, reaching the argument solely "having given the Pattees an opportunity to respond." *Id.* at 1275. Crucially, the *Pattee* court explicitly warned that courts "will view 'new' arguments suspiciously, remain mindful of sandbagging, and liberally grant Rule 7.6 time extensions when sandbagging is suspected." *Id.*

Synthesizing *Herring*, *Royal*, *Hegre*, *Davis*, and *Pattee* yields a single, clear governing test: a later brief is proper only insofar as it reiterates or supplements a position the filing party maintained from the outset in order to rebut an opposing party's argument. Conversely, a later brief is improper when it substitutes a new position the party failed to maintain, or introduces new evidence on an issue the moving party left undeveloped when the initial burden of proof was its own to carry. Defendants' successive briefs violate every prong of these rebuttal tests.

## II. Defendants' own argument highlights the whole of Plaintiffs' objection.

Defendants place their opposition to plaintiff's demand for a jury trial (Doc. 26) in their Supplemental Brief (Doc. 28). There, they argue that Plaintiffs' opposition brief was filed without citing Section 4 of the Federal Arbitration Act. Plaintiffs' jury demand under Section 4 appears at Doc. 26, and it explicitly states the reason for its timing: Plaintiffs did not know that

contract formation was a contested issue until Defendants raised new formation arguments and new evidence in their Reply. Where a moving party places an issue in controversy for the first time in a reply brief, it cannot then fault its opponent for not having addressed it in their response. That is the whole of Plaintiffs' objection, stated by Defendants themselves.

Plaintiffs file this Objection to preserve these procedural issues and better organize the legal issues before this Court.

Respectfully submitted this 21st day of September, 2026.

*/s/ Brandy Scott Mai*
Brandy Scott Mai
Ga. Bar No. 746703
101 Blue Moon Crossing, Suite 3-249
Pooler, Georgia 31322
(910) 580-0380
brandy@brandymai.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing Plaintiffs' Notice Pursuant To Local Rule 7.6 And Objection To New Arguments And Evidence Raised In Defendants' Reply And Supplemental Briefs (Docs. 22 & 28) with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to counsel of record, who are CM/ECF participants:

Wade W. Herring, II
HUNTER, MACLEAN, EXLEY & DUNN, P.C.
Post Office Box 9848
Savannah, Georgia 31412
wherring@huntermaclean.com

This 21st day of September, 2026.

*/s/ Brandy Scott Mai*

# Appendix A

*Ward v. J.C. Lewis Motor Co., No. 4:26-cv-00173-RSB-CLR*

## COMPREHENSIVE ISSUE AND RESPONSE MATRIX

| RECORD MAPPING | DEFENDANTS' MOVING FILING | PLAINTIFFS' RESPONSE | DEFENDANTS' REPLY | PLAINTIFFS' SURREPLY | DEFENDANTS' SUPP. BRIEF | HEGRE TEST | BURDEN POSTURE AND RELIEF REQUESTED |
|---|---|---|---|---|---|---|---|
| **ISSUE / THRESHOLD TIER** | **Doc. 12 (08/03/26) [DEFENDANTS]** | **Doc. 13-2 (08/18/26) [PLAINTIFFS]** | **Doc. 22 (09/01/26) [DEFENDANTS]** | **Doc. 25-1 (09/08/26) [PLAINTIFFS]** | **Doc. 28 (09/16/26) [DEFENDANTS]** | **Maintained From Doc. 12?** | **Final Burden Status For Court Ruling** |
| **TIER 1. THRESHOLD: DOES THE FAA REACH THIS CONTRACT?** | | | | | | | |
| ◆ 1. FAA § 1 Transportation-Worker Exemption **[Notice items 1, 7, 9]** | Not analyzed; one sentence asserting interstate commerce. | Raised exemption under 9 U.S.C. § 1 (Sec. III.A). | **[NEW ARGUMENT]** First Section 1 treatment (Sec. II). | Answered with Saxon, Bissonnette, and Ward Aff. ¶¶ 7-16 (Sec. II). | **[NEW ARGUMENT & EVIDENCE]** Submitted Jennings and Solomon Decl. (Sec. II.A); Saxon uncited. | NO | **[RELIEF: DISREGARD (item 7); MEASURE AGAINST DOC. 12 (items 1, 9)]** **[BURDEN UNMET / WAIVED]** Late-raised under Herring; initial burden under Bazemore unmet in Doc. 12. |
| ◆ 2. Georgia Arbitration Code (O.C.G.A. § 9-9-2(c)(9)) **[Notice item 2]** | Not raised. | Raised statutory initialing requirement (Sec. III.B). | **[NEW ARGUMENT]** Argued GAA does not apply (Sec. III). | Applied GAA to initialing record (Sec. III.D). | **[NO RESPONSE]** Passed on answering in Doc. 28. | NO | **[RELIEF: MEASURE AGAINST DOC. 12 (item 2)]** **[BURDEN UNMET]** Defendants failed to respond in Doc. 28; statutory initialing bar stands. |
| **TIER 2. THRESHOLD: WHO DECIDES ARBITRABILITY?** | | | | | | | |
| 3. Delegation Clause (First Options Standard) | Not raised. | Raised absence of delegation clause under First Options (Sec. V). | **[NO RESPONSE]** Silence in Reply (Doc. 22). | Noted second opportunity passed; silence noted (Sec. VI.A). | **[NO RESPONSE]** Passed again in Supp. Brief (Doc. 28). | NO | **[BURDEN UNMET]** Complete failure of proof across Docs. 22 and 28; Court decides arbitrability. |
| **TIER 3. WAS AN AGREEMENT FORMED?** | | | | | | | |
| 4. Blank Company Execution Line | Raised general formation (four GA contract elements) (Sec. II.B). | Raised blank company line on mutual execution block (Sec. IV.A, IV.C). | Cited Caley (Sec. IV.B). | Showed execution block explicitly recites Agreement to Arbitrate by name (Sec. IV.C). | Re-cited Caley; added Cochran and Cooper; Sec. IV.C not addressed. | YES | **[LIVE / DISPUTED]** Factual dispute on mutual assent and execution block recital under Caley. |

| RECORD MAPPING | DEFENDANTS' MOVING FILING | PLAINTIFFS' RESPONSE | DEFENDANTS' REPLY | PLAINTIFFS' SURREPLY | DEFENDANTS' SUPP. BRIEF | HEGRE TEST | BURDEN POSTURE AND RELIEF REQUESTED |
|---|---|---|---|---|---|---|---|
| **ISSUE / THRESHOLD TIER** | **Doc. 12 (08/03/26) [DEFENDANTS]** | **Doc. 13-2 (08/18/26) [PLAINTIFFS]** | **Doc. 22 (09/01/26) [DEFENDANTS]** | **Doc. 25-1 (09/08/26) [PLAINTIFFS]** | **Doc. 28 (09/16/26) [DEFENDANTS]** | **Maintained From Doc. 12?** | **Final Burden Status For Court Ruling** |
| ◆ 5. Initial vs. Signature; Missing ADP Timestamp **[Notice item 3]** | Not raised. | Raised via Ex. A-4 showing un-timestamped initial vs. timestamped signatures (Sec. IV.C). | **[NEW EVIDENCE]** Submitted Zhao Decl.; claimed ordinary policy. | Showed Zhao Decl. ¶¶ 5, 7, 8 and audit log prove J.C. Lewis selected field types (Sec. III.A-E). | **[NO RESPONSE]** Silence in Doc. 28. | NO | **[RELIEF: MEASURE AGAINST DOC. 12 (item 3)]** **[BURDEN UNMET]** Zhao Decl. late in Doc. 22; unaddressed evidence on field configuration. |
| 6. Unconscionability | Not raised. | Raised procedural and substantive unconscionability (Sec. VIII.B). | Argued no unconscionability (Sec. IV.A). | Not re-briefed. | Not addressed (Plaintiffs did not re-brief). | NO | **[LIVE / DISPUTED]** Fully briefed in Docs. 13-2 and 22; pending judicial determination. |
| 7. Characterization of Ward Affidavit ¶ 20 | Not yet at issue. | Submitted Ward Affidavit. | Quoted fragment of ¶ 20 (I signed all of onboarding). | Identified omission of full context and ¶ 25 (no awareness or assent) (Sec. III.F). | Repeated same fragment twice (Sec. II.B). | NO | **[BURDEN UNMET]** Omitted ¶ 25 full context; failed to show knowing assent. |
| **TIER 4. WHAT PROCEDURE APPLIES TO FORMATION DISPUTES?** | | | | | | | |
| ◆ 8. Standard of Decision (Summary Judgment Rule) **[Notice item 8]** | Not stated. | Raised burden and summary-judgment-like standard (Bazemore) (Sec. II). | Not stated. | Addressed burden and sequence (Bazemore, Herring) (Sec. V). | **[NEW ARGUMENT]** Argued summary judgment standard (Hearn, Bazemore) (Sec. I.D). | NO | **[RELIEF: MEASURE AGAINST DOC. 12 (item 8)]** **[BURDEN UNMET]** First articulated standard in Doc. 28; missed opening burden. |
| ◆ 9. Jury Demand under 9 U.S.C. § 4 **[Notice item 11]** | Not yet at issue. | Section 4 invoked; specific demand foreshadowed (Bazemore). | **[NO RESPONSE]** Silence in Doc. 22. | Demand filed same day as Doc. 26. | **[NEW ARGUMENT]** Argued opposition filed without citing Section 4 (Sec. II.B). | NO | **[RELIEF: NONE SOUGHT (item 11); see Part V of the Notice]** **[BURDEN UNMET]** Section 4 demand preserved in Doc. 26, which states that formation did not become a contested issue until Defendants' Reply. |
| **TIER 5. WHOM AND WHAT DOES THE AGREEMENT REACH?** | | | | | | | |
| ◆ 10. Enforcement by Four Non-Signatory Defendants **[Notice item 6]** | Not raised. | Raised non-signatory status (Arthur Andersen, Waffle House) (Sec. VI.A-C). | Quoted text (owners, directors, officers, managers) (Sec. IV.C). | Noted no legal theory (agency or estoppel) offered for non-signatories (Sec. VI.B). | **[NEW ARGUMENT]** Invoked equitable estoppel (Wallace) (Sec. II.C). | NO | **[RELIEF: DISREGARD (item 6)]** **[BURDEN UNMET / WAIVED]** Wallace equitable estoppel theory raised for first time in Doc. 28. |

| RECORD MAPPING | DEFENDANTS' MOVING FILING | PLAINTIFFS' RESPONSE | DEFENDANTS' REPLY | PLAINTIFFS' SURREPLY | DEFENDANTS' SUPP. BRIEF | HEGRE TEST | BURDEN POSTURE AND RELIEF REQUESTED |
|---|---|---|---|---|---|---|---|
| **ISSUE / THRESHOLD TIER** | **Doc. 12 (08/03/26) [DEFENDANTS]** | **Doc. 13-2 (08/18/26) [PLAINTIFFS]** | **Doc. 22 (09/01/26) [DEFENDANTS]** | **Doc. 25-1 (09/08/26) [PLAINTIFFS]** | **Doc. 28 (09/16/26) [DEFENDANTS]** | **Maintained From Doc. 12?** | **Final Burden Status For Court Ruling** |
| 11. Scope: Which Claims the Agreement Reaches | Raised broad scope (Sec. II.C). | Answered with count-by-count accrual matrix (pre-2024 and post-termination outside) (Sec. VII). | Merged into all-Defendants argument; claimed agreement is fluid. | Showed specific covered claims still unidentified (Intro). | **[NO RESPONSE]** Passed on answering count-by-count accrual matrix. | YES | **[BURDEN UNMET]** Failed to rebut count-by-count accrual matrix for pre-2024 claims. |
| 12. Loss of Consortium (Mrs. Nikiya Ward) | Raised derivative nature (Sec. II.D). | Answered (Sec. VI.D). | Footnote addressing loss of consortium. | Not re-briefed. | Cited Wallace and Price (Sec. II.C). | YES | **[LIVE / DISPUTED]** Briefed across Docs. 12, 13-2, 22, and 28. |
| **TIER 6. REMEDY** | | | | | | | |
| 13. Dismissal or Stay | Requested dismissal or, in the alternative, stay (Sec. II.E). | Showed mandatory stay under 9 U.S.C. § 3 makes dismissal unavailable (Spizzirri) (Sec. VI.C). | Maintained request for dismissal or stay. | Re-cited Spizzirri (Sec. VI.C). | **[REVERSED / CONCEDED]** Conceded stay, not dismissal, is proper under Spizzirri (Sec. I.A). | REVERSED | **[CONCEDED]** Defendants explicitly conceded stay, not dismissal, is mandatory under Spizzirri. |
| **TIER 7. RAISED BY DEFENDANTS BUT NOT CARRIED FORWARD** | | | | | | | |
| ◆ 14. 2018 Agreement (Doubly Bound) **[Notice item 4]** | Not raised. | Not yet at issue. | **[NEW ARGUMENT & EVIDENCE]** Introduced Oct. 2018 agreement (Ex. 2). | Showed 2018 agreement superseded by integration clause in 2024 Guidebook (Dasher) (Sec. IV.F). | **[NOT CARRIED FORWARD]** Neither defended nor withdrawn in Doc. 28. | NO | **[RELIEF: NOT A GROUND FOR THE MOTION (item 4)] [NOT CARRIED FORWARD]** Raised in Doc. 22, answered in Surreply Doc. 25-1, not carried forward in Doc. 28. |
| ◆ 15. May 2024 Severance Release **[Notice item 5]** | Not raised. | Not yet at issue. | **[NEW EVIDENCE]** Submitted May 2024 Severance Agreement (Ex. 3). | Pointed out release is a merits defense disclaimed by Defendants (Sec. IV.G). | **[NOT CARRIED FORWARD]** Not carried forward in Doc. 28. | NO | **[RELIEF: NOT A GROUND FOR THE MOTION (item 5)] [NOT CARRIED FORWARD]** Raised in Doc. 22, answered in Surreply Doc. 25-1, not carried forward in Doc. 28. |
| **TIER 8. PROCEDURAL MATTERS** | | | | | | | |
| 16. Leave to File Opposition Out of Time and Surreply | Not yet at issue. | Motion for leave filed (Docs. 13 and 25). | Opposed (Doc. 19). | Surreply filed with Motion for Leave (Doc. 25). | Noted as unresolved (Sec. I.C). | NO | **[PENDING RULING]** Excusable neglect demonstrated under Pioneer standard. |

| RECORD MAPPING | DEFENDANTS' MOVING FILING | PLAINTIFFS' RESPONSE | DEFENDANTS' REPLY | PLAINTIFFS' SURREPLY | DEFENDANTS' SUPP. BRIEF | HEGRE TEST | BURDEN POSTURE AND RELIEF REQUESTED |
|---|---|---|---|---|---|---|---|
| **ISSUE / THRESHOLD TIER** | **Doc. 12 (08/03/26) [DEFENDANTS]** | **Doc. 13-2 (08/18/26) [PLAINTIFFS]** | **Doc. 22 (09/01/26) [DEFENDANTS]** | **Doc. 25-1 (09/08/26) [PLAINTIFFS]** | **Doc. 28 (09/16/26) [DEFENDANTS]** | **Maintained From Doc. 12?** | **Final Burden Status For Court Ruling** |
| ◆ 17. Whether Leave Is Required to File Additional Briefs **[Notice item 10]** | Not yet at issue. | Not yet at issue. | Not yet at issue. | Not yet at issue. | **[NEW ARGUMENT]** Argued parties may file as many reply briefs as they want, without leave (Sec. I.C) (Pattee; Podger). | NO | **[RELIEF: NONE; PLAINTIFFS ACCEPT (item 10)] [ACCEPTED BY PLAINTIFFS]** Plaintiffs accept this proposition; it is the basis for the Local Rule 7.6 notice. |

**LEGEND**

- [NEW ARGUMENT] / [NEW EVIDENCE]: first appears in the filing in that column and was not raised in Doc. 12.
- [NO RESPONSE]: the party did not address the issue in that filing.
- [NOT CARRIED FORWARD]: raised earlier, answered by Plaintiffs, and neither defended nor withdrawn in the next brief. Plaintiffs do not contend any merits defense is waived.
- [REVERSED]: the party took a position contrary to the one it took in Doc. 12.
- HEGRE TEST: whether the matter supplements a position Defendants maintained from Doc. 12, per Hegre v. Alberto-Culver USA, Inc., 508 F. Supp. 2d 1320, 1327 (S.D. Ga. 2007).
- ◆ : a matter raised for the first time in Doc. 22 or Doc. 28 and identified in the accompanying Notice.
- [Notice item N]: the number assigned to that matter in the Notice.
- [RELIEF: ...]: the disposition Plaintiffs request. Where Plaintiffs accept Defendants' position or seek nothing, the entry says so.

Cross-reference. The eleven matters identified in the Notice appear at the nine rows marked ◆ above: rows 1, 2, 5, 14, and 15 (first raised in Doc. 22) and rows 1, 8, 9, 10, and 17 (first raised in Doc. 28). Row 1 carries three of the eleven. Every marked row is scored NO in the Hegre Test column.