IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JUSTIN WARD and NIKIYA WARD,<br><br>Plaintiffs,<br><br>v.<br><br>J.C. LEWIS MOTOR COMPANY;<br>WALTER LEWIS; STEPHEN STATON;<br>MARJORIE SOLOMON; and MIKE OFFER,<br><br>Defendants. | CIVIL ACTION NO.:<br>4:26-cv-00173-RSB-CLR |

**PLAINTIFFS' RULE 26(f) REPORT**

**PRELIMINARY STATEMENT REGARDING PREPARATION OF THIS REPORT**

Plaintiffs submit this Report under Local Rule 26.1(b) and the Court's Rule 26 Instruction Order (Doc. 9). In accordance with Section I of Doc. 9, which provides that a party who cannot gain the cooperation of any other party in preparing the Rule 26(f) Report shall advise the Court of the other party's failure to cooperate prior to the Report filing deadline. Plaintiffs file it alone, and state the following so that the record is complete.

The parties conferred on September 10, 2026 at 2 p.m. by phone. At the outset, plaintiffs' counsel made clear she considered the call to satisfy obligations for conducting a conference under Rule 26 and recorded the Parties' positions on the non-discovery items in the Report and noted anticipated discovery objections.

A draft copy of the Report was emailed to Defendants for their review on September 21, 2026. They replied on September 22, 2026:

> *Brandy, before we spoke by telephone on September 10, I had already made clear to you that Defendants considered a 26(f)-conference premature and meaningless because of the pending motion to compel arbitration. You were purportedly concerned that the motion to compel did not stay the deadline for the 26(f) conference. I proposed a joint motion to stay. You, for reasons unspecified and unexplained, declined to join in such a motion. I filed the motion anyway. At your request, we conferred by telephone on September 10. I repeated that I thought the discussion was premature and that I did not know what we would discuss. I also told you that the Complaint was overbroad, and that I planned to narrow its scope once the parties were in*

> *arbitration. During our telephone conversation, you made absolutely no substantive comments of any kind about Plaintiffs' discovery plan. Defendants will not agree to Plaintiffs' proposed 26(f) report. It does not reflect the "conference" of September 10. You do not have any authority to file anything that purports to reflect Defendants' position.*

Plaintiffs disagree with the facts and assertions advanced by defendants. Nevertheless, since Defendants "will not agree to plaintiffs' proposed Rule 26(f) report" nor grant any "authority to file anything that purports to reflect Defendants' position," their response is pasted above in its entirety and Plaintiffs submit this Report alone.

Plaintiffs remain willing to file an amended or joint Report reflecting any correction Defendants wish to make.

1. **Date of Rule 26(f) conference:**

   September 10, 2026. The conference was held by telephone from 1:59 p.m. to 2:19 p.m.

2. **Parties or counsel who participated in conference:**

   Brandy Scott Mai, counsel for Plaintiffs Justin Ward and Nikiya Ward.

   Wade W. Herring, II, and Tinsley Griffin Hill, HunterMaclean, counsel for Defendants J.C. Lewis Motor Company, Walter Lewis, Stephen Staton, Marjorie Solomon, and Mike Offer.

3. **If any defendant has yet to be served, please identify the defendant and state when service is expected.** All Defendants have been served.

4. **Date the Rule 26(a)(1) disclosures were made or will be made:**

   **Plaintiffs' position.** If not joined by Defendants, Plaintiffs will serve their Rule 26(a)(1) initial disclosures within fourteen days after the Rule 26(f) conference.

5. **If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,**

   (a) **Identify the party or parties making the objection or proposal:** Defendants.

   (b) **Specify the objection or proposal:**

   **Defendants' position.** See preliminary statement.

   **Plaintiffs' position.** Plaintiffs disagree with these assertions as written.

6. **The Local Rules provide a 140-day period for discovery. If any party is requesting additional time for discovery,**

(a) **Identify the party or parties requesting additional time:**

Plaintiffs.

(b) **State the number of months the parties are requesting for discovery:**

Plaintiffs will request eight (8) months.

(c) **Identify the reason(s) for requesting additional time for discovery:**

- Unusually large number of parties
- Exceptionally complex factual issues
- Other: third-party discovery from out-of-state entities; the prospect of a separate proceeding on the making of an arbitration agreement under 9 U.S.C. section 4; and defendants' counsel indicating during the conference that he intends to contest discovery on comparators and financial records.

(d) **Please provide a brief statement in support of each of the reasons identified above:**

There are two plaintiffs and five defendants, four of whom are individuals sued in their individual capacities, and the claims against them are not uniform.

The making of an arbitration agreement is in issue. If the Court finds the making of the agreement to be in dispute, 9 U.S.C. section 4 provides for a trial of that issue in this Court, which would require discovery directed to formation in advance of any merits schedule.

**Trigger date.** No answer has been filed and no defenses have been asserted.

**7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please**

(a) **Identify the party or parties requesting such limits:**

**Plaintiffs' position.** Plaintiffs request that discovery be conducted in phases if jury demand is granted on contract formation or where issues may be bifurcated between arbitration and court. In the event the Court is inclined to limit discovery pending resolution of Defendants' motion, Plaintiffs propose that:

- Discovery directed to the formation of the asserted arbitration agreement proceed without limitation, because that issue is presented by Defendants' own motion and may require a trial in this Court under 9 U.S.C. section 4;
- Discovery directed to Defendants Staton, Solomon, and Offer proceed without limitation, because those Defendants are not parties to the asserted agreement and no order compelling arbitration would remove the claims against them from this Court;

- Discovery directed to the merits of the remaining claims be deferred until thirty days after the Court rules on Defendants' motion; and
- All case deadlines be tolled for the period of any deferral.

(b) **State the nature of any proposed limits:**

Unknown.

8. **The Local Rules provide, and the Court generally imposes, the following deadlines:**

| Deadline | Default |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness reports and disclosures by plaintiff | 60 days after Rule 26(f) conference |
| Last day to furnish expert witness reports and disclosures by defendant | 90 days after Rule 26(f) conference, or 60 days after the answer, whichever is later |
| Last day to file motions | 30 days after close of discovery |

(a) **Identify the party or parties requesting the modification:**

Plaintiffs

(b) **State which deadline should be modified and the reason supporting the request:**

**Motions to add or join parties or amend pleadings.** The Plaintiffs request that the Court set this following ruling on Doc. 12.

**Expert witness reports and disclosures.** The Plaintiffs request that the Court set this following ruling on Doc. 12.

9. **If the case involves electronic discovery,**

(a) **State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:**

No agreement has been reached. Plaintiffs request the following be memorialized in the scheduling order.

- Documents that exist natively in electronic form shall be produced in native format with metadata intact. Neither party shall print and rescan an electronic document in lieu of native production.

- Each party shall identify, within thirty days of the scheduling order, the persons most familiar with its electronic and records systems and the persons responsible for preservation of electronically stored information, including any third party with access to or control over responsive information.
- Each party shall confirm in writing that a litigation hold has been implemented and shall identify the date of implementation and the systems, devices, accounts, and third-party services to which it extends.
- Records maintained by third-party human resources, payroll, onboarding, and electronic signature service providers on behalf of a party are within that party's possession, custody, or control for purposes of Fed. R. Civ. P. 34 where the party has the practical ability to obtain them.
- All other items outlined in plaintiffs' preservation notices.

(b) **Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:**

This matter has not been discussed. No agreement has been reached.

**10. If the case is known to involve claims of privilege or protection of trial preparation material,**

(a) **State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:**

The Parties have not discussed the procedures for asserting privilege, the form and timing of privilege logs, any applicable date range, the entry of a protective order, or the entry of an order under Fed. R. Evid. 502(d).

(b) **Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):**

**Plaintiff's position.** Plaintiffs request that the Court enter an order under Fed. R. Evid. 502(d) providing that the production of privileged or protected material in this action does not waive privilege or protection in this or any other proceeding. Plaintiffs further propose that privilege logs be exchanged within thirty days of each production, that entries be made on a document-by-document basis, and that the parties confer regarding a reasonable date range beyond which log entries need not be made.

(c) **Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:**

The Parties have not discussed the procedures for asserting privilege, the form and timing of privilege logs, any applicable date range, the entry of a protective order, or the entry of an order under Fed. R. Evid. 502(d).

**11. State any other matters the Court should include in its scheduling order:**

**(a) Pending motions.** Defendants' Motion to Dismiss, or in the Alternative, Motion to Stay and Compel Arbitration (Doc. 12) and Defendants' Motion to Stay Rule 26(f) Conference Deadline (Doc. 27) remain pending, together with related responses and replies of both parties.

Plaintiffs submit this Report notwithstanding those motions. Plaintiffs respectfully submit that the pendency of a motion does not suspend the obligations imposed by Fed. R. Civ. P. 26, Local Rule 26.1, and Doc. 9 absent an order of this Court.

**(b) Possible proceeding under 9 U.S.C. section 4.** Plaintiffs dispute the making of the asserted arbitration agreement. Should the Court find that the making of the agreement is in issue, Plaintiffs request that the scheduling order provide for a discovery period directed to that issue in advance of any trial of it.

**(c) Unserved defendant.** All defendants have been served.

**(d) Preservation.** Plaintiffs request that the scheduling order direct each party to confirm in writing the scope and date of its litigation hold.

**12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:**

**Plaintiffs' position.** Plaintiffs presented a detailed pre-suit demand with an itemized damages methodology and proposed mediation before filing.

This 23rd day of September, 2026.

*/s/ Brandy Scott Mai*
Brandy Scott Mai
Georgia Bar No. 746703
101 Blue Moon Crossing, Suite 3-249
Pooler, Georgia 31322
(910) 580-0380
brandy@brandymai.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing Plaintiffs' Rule 26(F) Report with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to counsel of record, who are CM/ECF participants:

This 23rd day of September, 2026.

*/s/ Brandy Scott Mai*
Brandy Scott Mai
Ga. Bar No. 746703
101 Blue Moon Crossing, Suite 3-249
Pooler, Georgia 31322
(910) 580-0380
brandy@brandymai.com

*Attorney for Plaintiffs*