**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| JUSTIN WARD, and NIKIYA WARD, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CV426-173 |
| J.C. LEWIS MOTOR COMPANY, *et al.*, | ) | |
| Defendants. | ) | |

# ORDER

Plaintiffs Justin and Nikiya Ward filed a Complaint against Defendants J.C. Lewis Motor Company, Walter Lewis, Stephen Staton, Marjorie Solomon, and Mike Offer ("Defendants"), alleging race discrimination, hostile work environment, and retaliation in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, interference and retaliation in violation of the Family and Medical Leave Act, and breach of contract, intentional infliction of emotional distress, negligent hiring, retention, training, and supervision, unjust enrichment, failure to pay earned wages, conversion, civil conspiracy, fraud, defamation, and loss of consortium under Georgia state law. *See generally* doc. 1. Defendants filed a Motion to Dismiss or, in the alternative, Motion to

Stay and Compel Arbitration. Doc. 12. That Motion, along with several motions related to the briefing on that Motion, are pending before the District Judge. *See id.*; docs. 13, 20, & 25. Defendants seek a stay of discovery, including the deadline for the parties' Rule 26(f) Conference, until the Court resolves their pending Motion to Dismiss, or in the Alternative, Motion to Stay and Compel Arbitration. Doc. 27. Plaintiffs indicated to Defendants that they did not join in the request to stay, *id.* at 1, n. 1.; however, Plaintiffs have not filed any response in opposition to the Motion to Stay. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within [14 days] shall indicate that there is no opposition to a motion."). Plaintiffs have instead filed a unilateral Rule 26(f) Report. Doc. 32 at 1.[1] The Report notes the pendency of the Motion to Stay but does not articulate any argument in opposition to the requested stay. *See generally id.*

A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x

[1] The Report was not filed using the appropriate Form. *See* doc. 9 at 2 ("The Report shall conform to the language and format of the Form Rule 26(f) Report for use in Judge Baker's cases . . . ."). Since it is terminated for other reasons, discussed below, the use of the incorrect Form is moot. If another Rule 26(f) Report is required, Plaintiffs must use the correct Form.

926, 932 (11th Cir. 2017); *see also Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) ("The district court has broad discretion to control discovery."). When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

Defendants assert that discovery is premature until the Court has resolved the question of arbitration. Doc. 27 at 2. They also note that, if the Court compels arbitration, "no discovery proceedings would take place under the jurisdiction of this Court." *Id.* at 1, n. 2. Plaintiffs have not meaningfully responded and have not asserted any harm they might suffer from a brief delay in discovery. Considering the required balance, a stay is appropriate. *See, e.g., PhosAsset GmbH v. Gulfstream Aerospace*

*Corp.*, 2021 WL 9217154, at *2 (S.D. Ga. Dec. 6, 2021) (granting stay pending motion to compel arbitration).

Defendants' Motion to Stay Rule 26(f) Conference Deadline is, therefore, **GRANTED**. Doc. 27. Accordingly, all discovery deadlines in this case, including the deadline to confer and submit a report under Rule 26(f), are **STAYED** pending the District Judge's resolution of Defendants' Motion to Dismiss, or in the Alternative, Motion to Stay and Compel Arbitration, doc. 12. Should any claims remain pending in this Court after the District Judge's resolution of that Motion, the parties are **DIRECTED** to confer and submit a report as required by Rule 26(f) within 14 days of such disposition. The Clerk is **DIRECTED** to **TERMINATE** Plaintiffs' unilateral Rule 26(f) Report. Doc. 32.

**SO ORDERED**, this 25th day of September, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA