**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| **Justin Ward and Nikiya Ward,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No.: 4:26-CV-00173-RSB-CLR** |
| **J.C. Lewis Motor Company; Walter Lewis; Stephen Staton; Marjorie Solomon; and Mike Offer,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' OPPPOSITION TO PLAINTIFFS'**
**"OBJECTION TO NEW ARGUMENTS AND EVIDENCE"**

Defendants file their Opposition to Plaintiffs' "Objection to New Arguments and Evidence" (Doc. 29) out of an abundance of caution, lest the Court conclude that Defendants' acquiesce to Plaintiffs' objection. The factual and legal issues have been extensively briefed. Defendants are compelled, however, to respond to Plaintiffs' most recent mischaracterizations of case law. Defendants request the Court to overrule Plaintiffs' "objection."

Plaintiffs, the Wards, have submitted a misleading argument about the permissibility of reply briefs, which appears (because of the way it reads and is formatted) to have been stitched together with Artificial Intelligence. In this Opposition, Defendants address the cases that the Wards cite in their "objection" to illustrate that, contrary to the Wards' argument, the Southern District of Georgia allows reply briefs and that reply briefs may contain "new" evidence, provided the opposing party has an opportunity to respond. Importantly, Defendants' pending motion to compel arbitration has been filed at the outset of litigation, as the law requires, and is not a motion for summary judgment filed after the close of discovery (although a Court considers a motion to

compel arbitration are akin to a motion for summary judgment). No discovery, of course, has occurred in this case.

In *Podger v. Gulfstream Aerospace Corp.*, this Court permitted summary judgment reply briefs containing allegedly new arguments, stating, "Rule 7.5 . . . does not explicitly permit successive reply briefs, but neither does it prohibit them, and that's deliberate. Hence, the parties may file as many reply briefs as they want." 212 F.R.D. 609, 610 (S.D. Ga. 2003).

As held in *Pattee v. Georgia Ports Authority*, 477 F. Supp. 2d 1272, 1274-75 (S.D. Ga. 2007), the Court allows parties to raise new arguments in summary judgment reply briefs, provided that the parties follow the Local Rules and opposing parties are given an opportunity to respond. Citing *Pattee*, the Wards' objection is opaque: Do they argue that (1) because Defendants did not outline their purported arguments and submit them to the Court separately from the briefs, the arguments are improper; and/or (2) that they have had inadequate opportunity to respond to Defendants' arguments? Whatever the Wards are trying to say, their arguments are invalid. Defendants have complied with all Local Rules pertaining to reply briefs. Defendants are not required to create an outline or "argument table" separate from their briefing. The Wards have filed multiple documents in response and opposition to Defendants' Motion to Compel Arbitration.[1] (*See* Doc. 13, 23, 24, 25, 26, 29).

To state the obvious, an appellate court, that is, a reviewing court, is different from a district court. In an appellate court, the record is fixed. In a district court, most especially before discovery has started as in this case, the record is unfolding. The Wards improperly rely upon an appellate decision, *Herring*[2] *v. Sec'y Dept. of Corr.*, 397 F.3d 1338 (11th Cir. 2005). In *Herring*, the Eleventh

---

[1] Whether those filings were timely, complied with Local Rule page limits, or relied upon valid exhibits are separate questions.

[2] No relation to the undersigned.

Circuit reiterated the *appellate rule* that "arguments raised for the first time in a reply brief are not properly before a *reviewing court*." *Id*. at 1342. (emphasis added). In *Herring*, the parties had litigated through the state courts, including the Florida Supreme Court, federal district court, and then subsequently appealed to the Eleventh Circuit with a complete and closed record. Even then, the Court of Appeals addressed the arguments raised for the first time in the appellant's reply brief. *Id.* Unlike *Herring*, this case is not before a reviewing court. It is before a trial court, with an evolving record. No bar exists on new arguments or evidence in reply briefs in the Southern District of Georgia, although the Court has cautioned against "sandbagging." *Pattee*, 477 F. Supp. 2d at 1275.

The Wards cite *Royal v. New York Life Ins.*, No. 6:10-cv-104, 2015 WL 339781 (S.D. Ga. 2015) and *Hegre v. Alberto-Culver USA, Inc.*, 508 F.Supp.2d 1320 (S.D. Ga. 2007). The Wards mischaracterize the holding in *Hegre*, then disingenuously attempt to correlate the *Royal* holding, despite *Royal's* unique procedural posture.

In *Hegre*, the defendants had filed a motion for summary judgment. In response to the plaintiff's opposition papers, defendants filed a reply brief supported by a declaration of a defendant's vice president and general counsel. The Court held that the declaration was not "new" evidence but simply supplemented an argument the defendants had maintained throughout the litigation. *Hegre*, 508 F.Supp.2d at 1327. Citing *Podger*, the *Hegre* court noted, "This is not a case in which a . . . movant has been allowed to submit new evidence without also giving the non-movant opportunity to respond." *Hegre*, 508 F.Supp.2d at 1327 n. 4. In the present case, Defendants have consistently argued that the Wards are compelled to arbitrate because of the agreement entered into between Mr. Ward and his employer. As established, the Wards have responded to Defendants' arguments (although the responses have had their defects).

In *Royal*, Defendants filed a motion for summary judgment with a Rule 56.1 statement. Plaintiff failed to comply with specific evidence in his Rule 56.1 opposition. *Royal*, 2015 WL 339781 (S.D. Ga. 2015) at *4-5. Instead, plaintiff submitted a "recast response" thirty days later that he wrongly categorized as a "sur-reply brief," despite it actually being an amended Rule 56.1 statement. *Id*. at *5. The Court held that plaintiff's false sur-reply brief was an avenue to extend the time requirements for filing an appropriate response to Defendant's Rule 56.1 statement, and the time extension was inappropriate. *Id*. at *6-7. Even then, the Court noted new evidence submitted in a sur reply brief does not necessarily prejudice the opposing party who is free to file an additional brief. *Id*. at *5.

The Wards state that the relief they request "appears in Part IV." (Doc. 29, p. 1). Their filing, however, does not contain a Part IV. Whatever the Wards seek, the Court should overrule the Wards' objection, consider all of Defendants' arguments and evidence in support of their motion to compel, and grant the motion to compel.

Respectfully submitted this 30th day of September, 2026.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

*/s/Wade W. Herring, II*

Wade W. Herring, II
Georgia Bar No. 349343
Tinsley Griffin Hill
Georgia Bar No. 348961
*Attorney for J.C. Lewis Motor Company; Walter Lewis; Stephen Staton; Marjorie Solomon; and Mike Offer*

200 East St. Julian Street
Post Office Box 9848
Savannah, GA 31412
Telephone: 912.236.0261
Facsimile: 912.236.4936
Email: wherring@huntermaclean.com
Email: thill@huntermaclean.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused to be served the foregoing **DEFENDANTS' OPPPOSITION TO PLAINTIFFS' "OBJECTION TO NEW ARGUMENTS AND EVIDENCE"** upon all parties by using the electronic filing system which will send a notice of electronic filing to:

Brandy Scott Mai
Brandy Mai Law Firm, PC
101 Blue Moon Crossing, Ste 3-249
Pooler, Georgia 31322
brandy@brandymai.com

This 30th day of September, 2026.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

*/s/Wade W. Herring, II*

Wade W. Herring, II
Georgia Bar No. 349343
Tinsley Griffin Hill
Georgia Bar No. 348961
*Attorney for J.C. Lewis Motor Company; Walter Lewis; Stephen Staton; Marjorie Solomon; and Mike Offer*

200 East St. Julian Street
Post Office Box 9848
Savannah, GA 31412
Telephone: 912.236.0261
Facsimile: 912.236.4936
Email: wherring@huntermaclean.com
Email: thill@huntermaclean.com